# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SANDRA E. LABOY, | Case No.: 2:11-cv-00596-RLH-CWH |
| Plaintiff, | **O R D E R** |
| vs. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Before the Court is Plaintiff Sandra E. LaBoy's Counsel's Notice of Motion and Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b), (#32, filed Nov. 20, 2013). The Court has also considered Defendant Carolyn W. Colvin's Response, (#35, filed Dec. 12, 2013). Defendant Plaintiff's Counsel did not file a Reply. For the reasons discussed below, the Motion is denied.

## BACKGROUND

Counsel for Plaintiff, Marc V. Kalagian ("Counsel"), has applied for attorney fees permitted by 42 U.S.C. § 406(b) for representing Plaintiff in a Social Security benefits action before this Court and pursuant to a contingency fee agreement. Plaintiff Sandra E. LaBoy

1  ("Plaintiff") initiated an action against Michael J. Astrue,[1] Commissioner of Social Security, for
2  relief from the Commissioner's decision denying her application for benefits on April 18, 2011.
3  The Parties ultimately stipulated to remand to the agency for a new hearing and decision before an
4  Administrative Law Judge ("ALJ").  On remand, the ALJ granted Plaintiff's application for
5  benefits, entitling her to receive approximately $112,657.00 in retroactive, Title II benefits.
6  Counsel now moves for an Order awarding $20,000 in attorneys fees from those past-due benefits
7  pursuant to the contingency fee agreement Counsel entered into with Plaintiff.[2] Counsel has also
8  indicated that he will also file a petition for fees pursuant to 42 U.S.C. § 406(a) for representation
9  at the agency level, but will not seek total fees in excess of 25%. (#32, at 8.)
10      Due to the stipulation to remand, Counsel's representation before this Court was
11 minimal.  Counsel assisted Plaintiff in initiating the suit, stipulated to extensions of time, and
12 ultimately, stipulated to the remand.  The Court never heard substantive argument or addressed the
13 merits of Plaintiff's case.  In total, Counsel, together with another lawyer and two paralegals,
14 expended 17.7 hours representing Plaintiff before this Court. (#32-5.)

**DISCUSSION**

**I. Legal Standard**

Under 42 U.S.C. § 406(b)(1)(A), "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25% of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."  A district court may also award attorney's fees "when the district court remands the case to the S.S.A. for further proceedings and, following remand, the claimant is subsequently awarded past-

---

[1] Michael J. Astrue has been substituted by Carolyn W. Colvin, who was appointed Acting Commissioner of Social Security on February 14, 2013.

[2] Under the contingency agreement, Plaintiff and counsel agreed that counsel would take 25% of any award of past-due benefits. Counsel's request of $20,000 represents only 17.75%.

2

due benefits." *Garcia v. Astrue*, 500 F. Supp. 2d 1239, 1243 (C.D. Cal. 2007) (summarizing the law in various circuits and noting the Ninth Circuit's general assumption of the same rule). However, the district court can only award fees for representation before the court; it does not have authority to award fees for representation before the Social Security Administration. *Clark v. Astrue*, 529 F.3d 1211, 1215 (9th Cir. 2008) (citing *MacDonald v. Weinberger*, 512 F.2d 144, 146 (9th Cir. 1975)).

Where a successful plaintiff is represented by an attorney pursuant to a contingency fee agreement, the court's purview over attorneys fees under § 406(b) does not displace that agreement, but does impose a duty on the court to provide "an independent check" to assure that the agreement will "yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In evaluating the reasonableness of a contingency fee agreement, a court must consider "the character of the representation and the results the representative achieved." *Id.* at 808. A district court properly looks "first to the contingent-fee agreement, then test[s] that agreement for reasonableness." *Id.* The question in this analysis is whether the amount under the agreement should be reduced, "not whether the loadstar amount should be enhanced." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009). Nonetheless, in determining the necessity of reduction, a district court may consider the lodestar amount "as an aid in assessing the reasonableness of the fee." *Gisbrecht*, 535 U.S. at 808. District courts "may properly reduce the fee under the contingency agreement for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Id.* at 1151 (citing *Gisbrecht*, 535 U.S. at 808).

**II. Analysis**

In assessing the character of Counsel's representation before this Court, the Court does not find that it is the appropriate adjudicatory body to award attorney's fees. Congress provided two mechanisms for attorneys to receive compensation for their services in social security cases. First, attorneys may request fees under 42 U.S.C. § 406(a) for representation at the agency level. Second, attorneys may request fees under 42 U.S.C. § 406(b) for representation

AO 72
(Rev. 8/82)

before a court. This bifurcation does not mean that an attorney must petition only the adjudicatory body that ultimately awarded the past-due benefits for attorney fees, *see Garcia*, 500 F. Supp. 2d at 1244 (granting attorney's fees from the Commissioner's award of past-due benefits after remand), but each adjudicatory body may only award attorney's fees for the representation that took place before it alone, *see Clark*, 512 F.2d at 146. Thus, where all the significant argument and determination takes place before the Commissioner and the court never addresses the merits of a particular case, the court may properly deny attorneys fees under § 406(b), requiring the attorney to request attorney's fees under § 406(a) from the Commissioner. *See MacDonald*, 512 F.2d at 147; *see also Contreras v. Barnhart*, 79 Fed. Appx. 708, 708 (5th Cir. 2003) (holding attorney fee award under 406(b) was properly denied when the attorney's representation before the court "did nothing more than to keep [the] case alive").

Accordingly, the more appropriate mechanism for Counsel's request is under § 406(a). The nature of Counsel's performance before this Court was simply procedural. Moreover, the results achieved by Counsel before this Court are neutral as the merits of Plaintiff's case were never argued to or considered by the Court before the stipulated remand. Counsel correctly states that an order remanding a case back to the Administration for further proceedings can be a "judgment favorable to a claimant." *See, e.g.*, *Garcia*, 500 F. Supp. 2d at 1243. However, in the cases awarding attorneys fees after remand, the court dealt with at least some substantive matters. *See, e.g.*, *Id.* at 1240-41; *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1034 (N.D. Cal. 2003); *Cantrell v. Astrue*, 639 F. Supp. 2d 1033, 1035 (N.D. Cal. 2009). Here, the merits of Plaintiff's case were never reached; the Court merely approved the Parties' stipulation.

Moreover, the Commissioner is best situated to make the reasonableness determination. All substantive argument and decision took place before the Commissioner. Consequently, the Commissioner can assess the quality of Counsel's representation and determine

whether it is commensurate with the desired fee.[3]  Counsel's Motion is denied; Counsel may seek an award of attorney's fees from the Commissioner pursuant to 42 U.S.C. § 406(a).

## CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff Sandra E. LaBoy's Counsel's Notice of Motion and Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) is DENIED.

Dated: January 8, 2014.

_____
**ROGER L. HUNT**
**United States District Judge**

---

[3] As the 25% contingency fee in this case exceeds the statutory maximum for automatic approval of the agreement under 42 U.S.C. § 406(a)(2)(A), the amount constituting reasonable attorney's fees is in the discretion of the Commissioner and in accordance with the rules and regulations established by the Commissioner pursuant to 42 U.S.C. § 406(a)(1).  This Order expresses no opinion as to what amount of fees is reasonable.