# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SANDRA E. LABOY, | Case No.: 2:11-cv-00596-RLH-CWH |
| Plaintiff, | **O R D E R** |
| vs. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Before the Court is Plaintiff Sandra E. LaBoy's Motion to Alter the Denial of Fees (#37, filed Jan. 10, 2014). Because the Court's previous Order contains a clear error, the Motion is granted, and the Order is amended as detailed below.

Although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rules 59(e) and 60(b). The Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange Street Partners v.*

1

1  *Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). Rule 59(e) provides that any motion to alter or amend
2  a judgment shall be filed no later than 28 days after entry of the judgment.

3        The Court's previous Order (#36, entered Jan. 10, 2014) denied all attorney's fees
4  under 42 U.S.C. § 406(b)(1)(A) and deferred any award of attorney's fees to the Commissioner of
5  Social Security pursuant to § 406(a).  The Court reasoned that the Commissioner was in a better
6  position to assess the reasonableness of Plaintiff's Counsel's requested fee because, under the
7  particular facts of this case, the majority of substantive representation took place before the
8  Administration.  The Court's decision was driven by two main concerns. First, because of the
9  brevity and largely procedural nature of Counsel's representation before this Court, the Court
10 lacked information to assess Counsel's performance in conducting a reasonableness analysis under
11 *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002).  Second, because the substantive work in
12 obtaining a favorable decision was undertaken at the Administration, an award of the bulk of the
13 contingency fee in this court would be awarding Counsel for work done before the Commissioner,
14 and such an award would exceed this Court's jurisdiction. *See Clark v. Astrue*, 529 F.3d 1211,
15 1215 (9th Cir. 2008) (citing *MacDonald v. Weinberger*, 512 F.2d 144, 146 (9th Cir. 1975)).

16       In the Motion for Reconsideration, Counsel's main contention is that the Court
17 erred in denying fees based on the fact that the result achieved before the Court was a stipulated
18 remand.  Counsel argues that in *Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009), the Ninth
19 Circuit held that reducing a fee request because the representation before the court resulted in a
20 stipulated remand was an abuse of discretion.  However, this is a misreading of both the Court's
21 Order and *Crawford*.  The Court's Order did not make an unreasonableness determination and
22 reduced fees, but rather sought to defer to the adjudicatory body with more information to assess
23 reasonableness.  Moreover, the holding of *Crawford* was that the district courts erred by beginning
24 their reasonableness analysis with a lodestar calculation, then assessing if counsels' fee requests

25
26

were justifiable enhancements. *Id.* at 1151. It did not concern the stipulated remand.[1] *See id.* Thus, although *Crawford* presents an example of an award for attorney's fees for achieving a stipulated remand, it does not preclude a court from considering a lack of substantive representation before it in assessing the reasonableness of requested fees.

Nonetheless, Counsel properly notes in its Motion that the Court's holding effectively reduces a § 406(b) request for attorney's fees to zero, thereby preventing any compensation for representation before the Court. Indeed, just as a district court lacks jurisdiction to award fees for representation before the Commissioner, the Commissioner lacks jurisdiction to award fees for representation before a district court. *See Clark*, 529 F.3d at 1215. For this reason, the Court's complete deferral to the Commissioner was in error. Consequently, the Court will amend its prior Order, and award attorney's fees under § 406(b).

Accordingly, the Court must conduct a reasonableness analysis of the requested fees to provide "an independent check" to assure that the agreement "yield[s] reasonable results in [this] particular case[ ]." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Counsel has requested $20,000 for the 17.7 hours Counsel, his co-counsel, and paralegals spent in representing Plaintiff before this Court. This results in an effective hourly rate of $1,129.94. To this Court's knowledge, this would be the highest effective hourly rate ever awarded in a social security case in the Ninth Circuit. *See, e.g., Crawford*, 586 F.3d at 1145-46, 1152 (awarding a $902 effective hourly rate); *Villa v. Astrue*, No. Civ-S-06-0846 GGH, 2010 WL 118454, at *1 (E.D. Cal. Jan. 7, 2010) (awarding a $944 hourly rate); *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1036-37 (N.D. Cal. 2003) (reviewing cases with awards resulting in effective hourly rates ranging from $187.55

---

[1] Indeed, the only analysis of whether a stipulated remand could warrant a reduction was in the dissenting opinion. *Id.* at 1158. In that opinion, although still critical of the district courts' failure to articulate how their reasons corresponded to the percentage of reductions, the dissenting judges were critical of the majority for ignoring the district court's finding that the requested fees would result in a windfall to the attorneys because, *inter alia*, the result before the district court was only a stipulated remand. *Id.* at 1157-58.

1  to $694.44). Considering "the character of the representation and the results the representative

2  achieved," the Court must determine if this amount is reasonable. *Gisbrecht*, 535 U.S. at 808.

3      As required by *Gisbrecht*, the Court begins with the contingency fee agreement.

4  The past-due benefits awarded to Plaintiff totaled $112,657.00.  Under the contingency fee

5  agreement counsel entered into with Plaintiff, Counsel is entitled to 25%, or $28,164.25.

6  Counsel's request, $20,000, represents 71% of the total contract amount.

7      However, the Court does not find that Counsel's representation before this Court

8  accounts for 71% of the favorable outcome. Counsel has submitted evidence that 17.7 hours were

9  expended representing Plaintiff before this Court.  However, 68.4 hours were expended

10 representing Plaintiff before the Administration (#39-1, filed Jan. 16, 2014), resulting in a total of

11 86.1 hours of representation.  Thus, Counsel's 17.7 hours of representation before this Court

12 accounts only for 21% of the total representation.  Because all of Counsel's efforts were expended

13 to achieve the favorable outcome, the Court finds that awarding 71% of the contract fee for 21% of

14 Counsel's efforts in obtaining the favorable outcome would award Counsel for some of the

15 representation undertaken before the Administration. Thus, the request exceeds the Court's

16 jurisdiction as it requires the Court to award Counsel fees for his representation before the

17 Administration.

18     Accordingly, the Court awards $5,914.49 in § 406(b) attorney's fees for

19 representation before this Court.  This sum represents 21% of the total contract amount.  The

20 Court finds that this amount is reasonable as Counsel's performance before this Court was not

21 substandard or dilatory and this amount is not disproportionate to the time spent here.  Counsel

22 may seek more attorney's fees from the Commissioner, who is best situated to judge the

23 reasonableness of the remaining 79% of representation, which took place before the

24 Administration.

25     Additionally, this Court had previously awarded Counsel $2,800.00 in EAJA

26 attorney's fees (#31, entered Oct. 10, 2013).  As the Court now awards attorney's fees under §

406(b), this amount must be refunded to the Plaintiff. *See Gisbrecht*, 535 U.S. at 796. Consequently, the net award to Counsel is $3,114.49.

      IT IS THEREFORE ORDERED that Plaintiff Sandra E. LaBoy's Counsel's Motion to Alter the Denial of Fees is GRANTED.  The Court's prior Order (# 36, entered Jan. 10, 2014) is amended and Plaintiff's Counsel is awarded $5,914.49 in attorney's fees.  Plaintiff's Counsel is instructed to refund Plaintiff $2,800.00, the amount of EAJA attorney's fees awarded, resulting in a net award of $3,114.49.

      Dated: January 22, 2014.

_____
**ROGER L. HUNT**
**United States District Judge**

AO 72
(Rev. 8/82)